UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DARWIN and CHERYL WATTS, GERALD
And RHONDA STEPP, STEVEN and GINNY
LEWIS, on behalf of
themselves and all others similarly situated,

Case No. 1:10-cv-753

Hon. Janet T. Neff

    Plaintiffs,

v.

ENBRIDGE, INC., a Canadian corporation,
ENBRIDGE (U.S.) Inc., a Wisconsin corporation,
and ENBRIDGE ENERGY COMPANY, INC.,
a Wisconsin corporation.

    Defendant.

_____/

David H. Fink (P-28235)
E. Powell Miller (P39487)
Marc L. Newman (P51393)
Lauren G. Northrop (P69035)
The Miller Law Firm, P.C.
Attorneys for Plaintiffs
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
(248) 841-2200
_____/

**MOTION FOR CONSOLIDATION AND**
**APPLICATION OF THE MILLER LAW FIRM, P.C. FOR INTERIM LEAD COUNSEL**

Plaintiffs, by the undersigned counsel, request entry of an order granting: (i) the consolidation of this action and the class action captioned *Volstromer v. Enbridge, Inc. et al*, Case No. 10-cv-752., and the creation of a Master Docket; (ii) the appointment of the Named Plaintiffs in this class action as Lead Plaintiffs; and (iii) the appointment of The Miller Law Firm, P.C. as Interim Lead Counsel for the proposed consolidated action..

Plaintiffs' counsel has requested concurrence in the relief sought herein from plaintiff's counsel in the *Volstromer* class action. Such concurrence was denied. Plaintiffs' counsel have not yet been able to seek concurrence from Defendants, but intend to do so as soon as Plaintiffs learn the identity of counsel for Defendants.

        Respectfully submitted,

**THE MILLER LAW FIRM, P.C.**

Attorneys for Plaintiff

By:   /s/ David H. Fink_____
David H. Fink (P28235)
E. Powell Miller (P39487)
Marc L. Newman (P51393)
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
dhf@millerlawpc.com

Dated: August 6, 2010    (248) 841-2200


THE VERITAS LAW GROUP

Additional Attorneys for
Plaintiffs Darwin and Cheryl Watts

By:   Darren M. Malek (P57443)
125 S. Kalamazoo Mall, Ste 205
Kalamazoo, Michigan 49007
dmalek@veritaslawgroup.net

        (269) 270-3500

        ANTHONY S. SPOKOJNY

        Additional Attorney for Plaintiffs
        Gerald and Rhonda Stepp, and
        Steven and Ginny Lewis

By:    Anthony S. Spokojny (P28617)
        30850 Telegraph Road, Ste 250
        Bingham Farms, Michigan 48025
        tonys@spokojnylaw.com
        (248) 540-9800

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DARWIN and CHERYL WATTS, GERALD
And RHONDA STEPP, STEVEN and GINNY
LEWIS, on behalf of
themselves and all others similarly situated,   Case No. 1:10-cv-753

        Hon.  Janet T. Neff

    Plaintiffs,

v.

ENBRIDGE, INC., a Canadian corporation,
ENBRIDGE (U.S.) Inc., a Wisconsin corporation,
and ENBRIDGE ENERGY COMPANY, INC.,
a Wisconsin corporation.

    Defendant.

_____/
David H. Fink (P-28235)
E. Powell Miller (P39487)
Marc L. Newman (P51393)
Lauren G. Northrop (P69035)
The Miller Law Firm, P.C.
Attorneys for Plaintiffs
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
(248) 841-2200
_____/

**BRIEF IN SUPPORT OF MOTION FOR CONSOLIDATION AND
APPLICATION OF THE MILLER LAW FIRM, P.C. FOR INTERIM LEAD COUNSEL**

## **STATEMENT OF ISSUES PRESENTED**

I. Should the Court consolidate this class action with another class action alleging substantially the same claims?

> Plaintiffs Answer: Yes.

II. Should the Court appoint The Miller Law Firm, P.C. as Interim Lead Counsel?

> Plaintiffs Answer: Yes.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

### **FEDERAL CASES**

*In re Northeast Ohio Correctional Center*,
   211 F.3d 1269 (6th Cir. 2000)

*Investors Research Co. v. United States Dist. Court for Cent. Dist.*,
   877 F.2d 777 (9th Cir. 1989)

*In re Delphi ERISA Litigation*,
   230 F.R.D. 496 (E.D. Mich., 2005)

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990)

### **FEDERAL STATUTES AND RULES**

Fed. R. Civ. P. 42(a)

## INTRODUCTION

On August 2, 2010, Plaintiffs filed this case, on behalf of themselves and a class of persons similarly situated, to redress the harms perpetrated against them by Defendants (the "Watts Class Action"). On July 30, 2010, just one business day prior to the filing of this suit, a similar suit was filed entitled *Volstromer v. Enbridge, Inc. et al*, Case No. 10-cv-752 (the "Volstromer Class Action") (the Watts Class Action and the Volstromer Class Action are together referred to as the "Actions). The Watts Class Action and the Volstromer Class Action are based upon the same facts and circumstances, namely, the damage caused by the release of more than 800,000 gallons of oil from Defendants' pipeline. The Plaintiffs in the Watts Class Action – Darwin and Cheryl Watts, Gerald and Rhonda Stepp and Steven and Ginny Lewis (together, the "Named Plaintiffs") – retained counsel experienced in litigating class action law suits and in litigating environmental matters. Therefore, Named Plaintiffs in the Watts Class Action request that this Court consolidate the two above-captioned cases and appoint The Miller Law Firm, P.C. as Interim Lead Counsel.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

On or about July 25, 2010 a 30-inch oil pipeline owned and maintained by a group of entities named as Defendants in the Watts Class Action (the "Enbridge Defendants") began to release oil into Talmadge Creek, a creek which flows directly into the Kalamazoo River in the vicinity of Marshall, Michigan. The Enbridge Defendants' pipeline was built in 1969 and carries roughly 8 million gallons of oil per day from Griffith, Indiana to Sarnia, Ontario. The leak from the Enbridge pipeline has caused more than 800,000 gallons of oil to flow into the Talmadge Creek and the Kalamazoo River, contaminating the waters, coating and killing wildlife, and

---

[1] Plaintiffs, of course, take no position regarding which court before whom the two actions should be consolidated.

creating a toxic stench in an area spreading over the more than 30 miles that the oil spill has affected thus far.

Named Plaintiffs in the Watts Class Action all own property around Talmadge Creek and the Kalamazoo River. Each of the Named Plaintiffs has been harmed by the spill, as set forth in their Class Action Complaint, attached as **Exhibit 1**. Upon filing their Complaint, Named Plaintiffs in the Watts Class Action learned that a similar Complaint – the Volstromer Class Action – had been filed one business day prior to their own Complaint. A copy of the Complaint in the Volstromer Class Action is attached hereto as **Exhibit 2**. Due to the similarity of factual and legal issues present in the two Actions, Named Plaintiffs in the Watts Class Action seek to consolidate the Actions and proceed with The Miller Law Firm, P.C. as Interim Lead Counsel.

## ARGUMENT

### I. The Watts Class Action and the Volstromer Class Action Should Be Consolidated For All Purposes

FRCP 42(a) allows this Court to order consolidation of separate actions:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Consolidation pursuant to FRCP 42(a) is proper when actions involve common questions of law and fact. *See In re Northeast Ohio Correctional Center*, 211 F.3d 1269 (6th Cir. 2000). The district court has broad discretion under this rule to consolidate cases pending within its district. *Investors Research Co. v. United States Dist. Court for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989). *See also In re Delphi ERISA Litigation*, 230 F.R.D. 496 (E.D. Mich., 2005).

Consolidation is appropriate here, because both class actions involve common questions of law and fact. Fed. R. Civ. P. 42 (a). Pending before this Court are two related actions, each of

which assert class claims on behalf of those who were damaged by the Enbridge Defendants' oil spill during overlapping class periods. The Actions each name Enbridge Defendants and involve the same factual and legal issues.[2] Clearly, common questions of law and fact are present here, where both actions are premised on the same conduct of Defendants. *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990). Indeed, the damage complained of in both actions stems from the same oil spill from the Enbridge Defendants' pipeline. The identity of factual and legal issues is patently clear from the face of the two Complaints, where the causes of action alleged are so similar. (Exhibits 1 and 2.) Therefore, the Actions should be consolidated. In order to promote efficiency and judicial economy, without prejudice to any party, and because these actions are based on common issues of law and fact, the Named Plaintiffs in the Watts Class Action respectfully request that this Court consolidate these actions pursuant to FRCP 42.

## II. This Court Should Appoint The Miller Law Firm, P.C. As Interim Lead Counsel

FRCP 42(a) states that, in the context of consolidation, the court may issue "orders to avoid unnecessary cost or delay." Pursuant to FRCP 16(c)(2)(P), a court may take any appropriate action with respect to "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Allowing multiple counsel an multiple groups of plaintiffs to litigate the same issues, before the same court, and claim the same damages for similarly situated plaintiffs, would be a drain on judicial resources and cause unnecessary costs and delay. It is therefore well within the discretion of this Court to appoint Lead Counsel for the proposed consolidated action.

---

[2] The Volstromer Class Action names Enbridge, Inc. and Enbridge Energy Partners, LP. The Watts Class Action names: Enbridge Inc.; Enbridge (US) Inc.; Enbridge Energy Company, Inc.; Enbridge Energy, L.P.; Enbridge Pipelines (Lakehead), L.L.C., and; Enbridge Energy Management, L.L.C.

### A. The Miller Law Firm Has Extensive Experience Litigating Successful Class Actions

The Miller Law Firm is well-qualified to serve as Interim Lead Counsel. The Miller Law Firm has extensive experience litigating complex class actions throughout the United States and, particularly, in Michigan's federal courts. The Miller Law Firm has been appointed lead or had substantial responsibility in numerous class action cases in federal Courts in Michigan continuously since 1995. See the Miller Law Firm's Summary of Class Action Experience, which is attached as **Exhibit 3**.

The Miller Law Firm also has extensive experience outside of Michigan. For example, in March 2009, the Miller Law Firm was appointed Co-Lead counsel in the AIG Securities Litigation in the Southern District of New York. The firm's managing shareholder, E. Powell Miller, was appointed in August 2009 as Co-Chair of the American Bar Association Subcommittee on Multi District Litigation and Class Action Procedure. As a result of their experience in this arena, the Miller Law Firm attorneys are able to formulate and apply strategies for success to achieve the best result possible for the class members they represent.

Class action cases are rarely tried, but the Miller Law Firms believes it is important to also handle complex commercial litigation cases in order to ensure that the firm has the sharpened trial skills in the event trial becomes necessary in a class case. Mr. Miller has extensive trial experience with 13 consecutive victories, including a multi-million dollar bench trial award in July 2009 wherein the trial court in its Opinion described Mr. Miller's trial work as "superb," a jury verdict in the Eastern District of Michigan for more than $10 million, a verdict in the Middle District of Florida for more than $20 million, and several other multi-million dollar verdicts.

The firm's class action cases have resulted in more than $500 million in settlements, including two recent cases where the class received net cash recoveries of 100% of their damages. One case, *Street v. Siemens*, was featured in Crain's Detroit Business as a top result for 2005, likely because it was an example of a Michigan firm serving as a lead counsel in a case in Pennsylvania, resulting in a partial summary judgment for the Plaintiff Class and a $14.4 million settlement—a 100% recovery for more than 1,000 employees in a national class action.  In Philadelphia, judges are assigned to areas of practice and Judge Bernstein was the "class action judge" for a considerable period of time and presided over many class action cases. In approving the settlement in Siemens, Judge Bernstein commented that "If this case does not restore public confidence in class actions than nothing will."

In *Gasperoni v. Metabolife*, the Miller Law Firm was Co-Lead counsel and achieved a multi-million dollar settlement against a dietary supplement manufacturer peddling dangerous dietary supplements.  The District Court sought a Report and Recommendation on the quality of the work performed from Richard D. Friedman, Ralph W. Aigler Professor of Law at the University of Michigan Law School.  Professor Friedman stated that, "[Plaintiffs' co-lead counsel] are extremely able lawyers of high standing . . . . They are smart, energetic, and resourceful. They are a credit to the bar, and specifically to the plaintiffs' bar. I suspect that if more plaintiffs' lawyers were like them the public would have a far more positive view of lawyers than it has."

Miller Law Firm attorneys, including Mr. Miller, David Fink and Marc Newman, have been recognized as "SuperLawyers" by SuperLawyers Magazine.  In the most recent SuperLawyers rankings, Mr. Miller was named one of the "Top 10" lawyers in Michigan, and Mr. Newman was named one of the "Top 100."  Clearly, the Miller Law Firm will provide class

members in this case with outstanding representation and the best chance at achieving an excellent resolution to their claims.[3]

### B. The Miller Law Firm Has Expertise in Environmental Law

In the case at bar, environmental expertise will also be important. Again, the Miller Law Firm has extraordinary experience in this area. Firm partner David H. Fink has been a leader in Michigan environmental law and litigation for many years. Mr. Fink has served on the State Bar's Environmental Law Section Council, the Detroit/Wayne County Roundtable on Sustainable Development, SEMCOG's Task Force on Environmental Regulation and the Detroit Regional Chamber of Commerce Energy and Environmental Policy Committee. Mr. Fink was also the only attorney appointed by leaders of the Michigan State Legislature to serve on the Michigan Environmental Response Act Citizens Review Board, a Board which worked with the State Legislature to evaluate proposals which led to the current cost recovery provisions found in Michigan's Natural Resources and Environmental Protection Act (NREPA)—statutory provisions which form the basis for Count IV of the Watts Class Action Complaint. Mr. Fink was directly involved in the creation of the Wayne County Department of the Environment and in the development and implementation of the Clean Water Act Industrial Pretreatment Program for the Detroit Water and Sewerage Department. Mr. Fink has also litigated key cases regarding the scope of the insurance industry's pollution exclusion clause, including *Gelman Sciences Inc. v. Fidelity and Casualty Company*, 456 Mich 305, 572 N.W. 2d 617 (1998), a case which significantly expanded environmental insurance coverage in this State.

---

[3] While the Miller Law Firm proposes that it be lead counsel, responsible for efficiently litigating this action and avoiding duplication of efforts, the proposed class will also be assisted in this litigation by attorneys Darren Malek of Kalamazoo, Anthony Spokojny of Bingham Farms and and John Sullivan and John D. Brundage of Marshall.

The Miller Law Firm is joined in its representation of these Plaintiffs by Professor Noah Hall, a professor on the faculty of Wayne State University Law School, and a frequent visiting professor at the University of Michigan Law School.  (**Exhibit 4**, Hall Resume.)  Professor Hall, who is a member of the State Bar of Michigan, has unique experience and insight regarding the issues raised in the case at bar.  Professor Hall's teaching and expertise is in environmental and water law.  He is the author of a widely-cited article on Great Lakes water law, *Toward a New Horizontal Federalism: Interstate Water Management in the Great Lakes Region* (published by the Colorado Law Review).  His work has been published in many other leading journals, including the Harvard Environmental Law Review, the University of Michigan Journal of Law Reform, and Natural Resources & Environment (the American Bar Association's environmental law journal) and he is the author of the Great Lakes Law blog.  He will also be co-authoring the next edition of Environmental Law and Policy: Nature, Law and Society, one of the leading environmental law casebooks.

Before joining the Wayne State University Law School faculty, Professor Hall taught at the University of Michigan Law School and was an attorney with the National Wildlife Federation, where he managed the Great Lakes Water Resources Program for the nation's largest conservation organization.  He later served as the founding Executive Director of the Great Lakes Environmental Law Center and created the Wayne State Environmental Law Clinic.  Professor Hall also has extensive litigation experience and numerous published decisions in state and federal courts, and represented a variety of clients in significant environmental policy disputes through the Great Lakes Environmental Law Center.

Clearly, the Miller Law Firm will bring unparalleled experience to its representation of the class members.  In addition to committing the full resources of the firm to this case, the

Miller Law Firm commits the daily personal involvement of the responsible partners. If the Miller Law Firm is appointed Interim Lead Counsel, this case will be managed efficiently, and at least one responsible partner will personally attend all material hearings and personally ensure the effective utilization of resources from the Miller Law Firm and other firms which have expressed an interest in advancing the prosecution of this case.

### CONCLUSION

On the basis of the foregoing, the Named Plaintiffs in the Watts Class Action respectfully request that this Court order: (i) the consolidation of this action and the Volstromer Class Action, and the creation of a Master Docket; (ii) the appointment of the Named Plaintiffs in the Watts Class Action as Lead Plaintiffs; and (iii) the appointment of The Miller Law Firm, P.C. as Interim Lead Counsel for the proposed consolidated action.

Respectfully submitted,

**THE MILLER LAW FIRM, P.C.**

Attorneys for Plaintiff

By: /s/ David H. Fink
David H. Fink (P28235)
E. Powell Miller (P39487)
Marc L. Newman (P51393)
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
dhf@millerlawpc.com
(248) 841-2200

Dated: August 6, 2010

THE VERITAS LAW GROUP

Additional Attorneys for
Plaintiffs Darwin and Cheryl Watts

By: Darren M. Malek (P57443)
125 S. Kalamazoo Mall, Ste 205

        Kalamazoo, Michigan 49007
        dmalek@veritaslawgroup.net
        (269) 270-3500

ANTHONY S. SPOKOJNY

Additional Attorney for Plaintiffs Gerald and Rhonda Stepp, and Steven and Ginny Lewis

By:  Anthony S. Spokojny (P28617)
      30850 Telegraph Road, Ste 250
      Bingham Farms, Michigan 48025
      tonys@spokojnylaw.com
      (248) 540-9800